Pirazzi, Demandante y Apelado, *v.* Vives, Demandado y
Apelante.

Apelación procedente de la Corte de Distrito de Ponce en
pleito sobre saneamiento por evicción.

No. 2626.—Resuelto en mayo 22, 1922.

Frutos y Productos—Cosa Juzgada—Buena Fe.—No habiendo sido impugnado
por el apelante la manifestación hecha por el apelado de que en una acción
establecida anteriormente los únicos frutos y productos que se trató de ob-
tener fueron los originados hasta la fecha de la radicación de la primer de-
manda, de ello parece inferirse que la sentencia dictada en dicha apelación
anterior no constituye *cosa juzgada,* ya en lo que respecta a la buena fe,
o a la responsabilidad por los frutos y productos obtenidos después de ini-
ciada la primitiva acción

Id.—Saneamiento y Evicción—Consignación—Condominios.—Al tratar el obli-
gado al saneamiento y evicción de saldar y cumplir con su obligación no po-
drá hacer la consignación por una suma inferior al verdadero valor de la
obligación pendiente, alegando de este modo, como parece, tener el derecho
de determinar de acuerdo con su propio cálculo el importe de los condomi-
nios y obligar así tanto al demandante como a la corte a estar y pasar por
semejante determinación arbitraria.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. J. F. Fernández Coronas.*
Abogado del apelado: *Sr. J. Tous Soto.*

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

En la demanda presentada en este caso se alega que en
abril de 1907 el demandado vendió al demandante un solar
en la ciudad sin haber mediado pacto alguno especial en
cuanto a evicción y saneamiento; que en enero de 1916 y
por virtud de una sentencia de este tribunal varias personas
(a quienes podemos designar como los herederos de González)
fueron declarados dueños de un condominio en el referido
solar comprado por Vives en subasta pública por falta de
pago de contribuciones; que como consecuencia de dicha sen-
tencia y desde la ameritada fecha Pirazzi se ha visto pri-
vado del expresado condominio que entonces tenía un valor
de $334.47; que en el expresado pleito sobre reivindicación
de condominio Vives fué citado de evicción debidamente; que

con posterioridad a la sentencia los herederos de González iniciaron una nueva acción contra Pirazzi sobre división de cosa común, y reclamación de frutos y productos que trajo como consecuencia la venta del inmueble que fué comprado por Pirazzi, único postor, por la suma de $600; que el nueve por ciento de esta suma fué deducido por el marshal y el remanente montante a $590.60 distribuido por orden de la corte entre los condueños, recibiendo los herederos de González la suma de $334.47 y Pirazzi $256.13; que dicha sentencia condenó a Pirazzi a pagar $200 como renta y producto del condominio desde mayo 22, 1913, fecha de la interposición de la primera demanda hasta abril 3 de 1918, y $3 mensuales desde esta última fecha hasta la fecha de la subasta, o sea, julio 8, 1918, ascendente a $9, y en total $209; que Pirazzi pagó como costas, desembolsos y honorarios de abogado en la primera acción la cantidad de $182.50, y en la segunda $227, haciendo un total de $409.50.

En la súplica se pedía que se dictara sentencia por la totalidad de estas sumas, o sea, la cantidad de $961.97, intereses legales de las diversas sumas desde la fecha en que fueron satisfechas, y costas, desembolsos y honorarios de abogado.

La corte inferior declaró probados todos los hechos esenciales como fueron alegados en la demanda y Vives apela de la sentencia dictada contra él de conformidad con lo solicitado en la súplica de la demanda.

No se hacen señalamientos de error específicos pero la teoría del alegato del apelante que contiene veinte páginas es según parece que la corte inferior cometió error, primero, al no aplicar el artículo 336 del Código de Enjuiciamiento Civil por una parte, y por otra, al dar aplicación en su lugar al artículo 1075 del Código Civil que según el apelante es sólo pertinente cuando existe un deudor que incurre en mora que merece ser condenado en daños y perjuicios que consisten en abonar los intereses; y segundo, en haber recono-

cido la partida de $209 como restitución de renta y producto
del condominio de los herederos González en el segundo pleito
que abarcan un período de tiempo comprendido entre mayo
22, 1913, hasta julio 8, 1918; y tercero, al haber concedido
las dos partidas de costas satisfechas por Pirazzi en las dos
acciones.

En la primera apelación esta corte, en la página 407 del
tomo 23, D. P. R., se expresó en estos términos:

"Como no aparece que los demandados hayan poseído con mala
fe es improcedente la reclamación hecha por los demandantes de
frutos, rentas, beneficios y utilidades, así como de daños y perjuicios.

"Para el caso de edificación sobre el terreno de que se trata se
atemperarán los dueños a lo que establece el artículo 370 del Código
Civil."

Pero el apelante no impugna la manifestación hecha por
el abogado del apelado al efecto de que en la anterior acción
las únicas rentas y productos que se trataban de recobrar
eran aquellas que se encontraban vencidas a la fecha de la
radicación de la primera demanda. De aquí parece inferirse
que la sentencia dictada en la primera apelación no tiene el
carácter de *cosa juzgada* ya en cuanto a la cuestión de la
buena fe o de la responsabilidad por las rentas y productos
obtenidos después del inicio de la primitiva acción. Si la
misma regla debe aplicarse al período comprendido en las
alegaciones de la demanda y la sentencia dictada por la corte
inferior en este caso es al apelante a quien incumbe demos-
trar esto. No podemos asumir que la corte inferior cometió
error en este particular ni comprometernos a indagar y de-
terminar sin la ayuda del abogado cada punto que pueda
sugerirse y que pudiera constituir un posible fundamento
para la revocación.

Parece que poco tiempo después de la sentencia de esta
corte sobre la primera apelación Vives depositó un cheque
por la suma de $309 al tratar de pagar y liquidar su obli-
gación, pero esta suma era menor que el valor efectivo de

los intereses pendientes como apareció por virtud de la venta judicial y según quedaron fijados por el juez sentenciador. No consta que Pirazzi hubiera estado conforme con el depósito o que fuera aprobado por la corte, ni tampoco expresa el apelante ninguna razón muy justificada en apoyo de la premisa en la cual parece basarse esta medida que envuelve al parecer el derecho del garante para fijar por su propio cálculo el valor de los condominios en cuestión y obligar tanto al demandante como a la corte a estar y pasar por tal medida arbitraria, *ex parte,* dejando a un lado lo de la eliminación de todas las demás partidas.

El artículo 336 del Código de Enjuiciamiento Civil exime del pago de costas en una acción en cobro de dinero, a un demandado que alegue y pruebe a satisfacción de la corte ''que antes de entablarse la demanda ofreció al demandante la suma total a que tenga derecho, e inmediatamente depositare en la corte, para aquél la cantidad que ofreció.''

El artículo 1075 del Código Civil prescribe lo siguiente:

''Artículo 1075.—Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio en el interés legal.

''Mientras que no se fije otro por el Gobierno se considerará como legal el interés de seis por ciento al año.''

Tal vez técnicamente debieron concederse intereses legales desde la fecha en que el demandado se negó a reintegrar al demandante en este caso la suma total de sus desembolsos más bien que desde las respectivas fechas en que se hicieron dichos desembolsos, pero el apelante no establece tal distinción ni consta tampoco que llamara la atención de la corte inferior sobre este punto, y en ausencia de nada que demuestre el importe de la diferencia envuelta podemos asumir que está comprendida en la regla de *de minimis non curat lex.*

El artículo del Código Civil que tuvo en mente la corte sentenciadora era el 1381, el cual es como sigue:

"Cuando se haya estipulado el saneamiento o cuando nada se haya pactado sobre este punto, si ia evicción se ha realizado, tendrá el comprador derecho a exigir del vendedor

"1. La restitución del precio que tuviere la cosa vendida al tiempo de la evicción, ya sea mayor o menor que el de la venta.

"2. Los frutos o rendimientos, si se le hubiere condenado a entregarlos al que le haya vencido en juicio.

"3. Las costas del pleito que haya motivado la evicción y en su caso las del seguido con el vendedor para el saneamiento.

"4. Los gastos del contrato, si los hubiese pagado el comprador.

"5. Los daños e intereses y los gastos voluntarios o de puro recreo u ornato, si se vendió de mala fe."

En tanto el segundo señalamiento de error se funda en la anterior sentencia de esta corte será bastante con repetir que el apelante no ha probado que las rentas y productos que ahora se tratan de recobrar son las rentas y productos envueltos en la acción reivindicatoria. Nos parece que alguna cuestión podría levantarse en cuanto a la responsabilidad por las rentas y productos recibidos después de la resolución final del pleito anterior a diferencia del período transcurrido entre la fecha de la radicación de la primer demanda y la de la sentencia en ese caso por este tribunal, pero aquí además el apelante no distingue claramente la evicción tácita de la real en cuanto a la fijación de su verdadera fecha, y no cita ninguna autoridad que de modo directo guarde relación con este punto. De todos modos, la mayor parte de las rentas y productos vencieron antes de la sentencia de enero 26, 1916, y puede ser que la diferencia envuelta se consideró demasiado insignificante para justificar un estudio acabado del asunto en los alegatos. A falta de alguna demostración satisfactoria sobre la cuestión de *cosa juzgada,* la responsabilidad del demandado por la mayor parte de las rentas arriba indicadas es bastante clara.

El razonamiento bajo el tercer señalamiento en tanto no

esté comprendido en lo que hemos dicho respecto a las otras materias discutidas no requiere seria consideración aunque sí sugiere ciertas cuestiones más o menos interesantes que pudieron haberse desarrollado con provecho por el apelante.

La sentencia apelada debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.